IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY DEANDA, #365000, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-0890-L |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief submitted by a state prisoner.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Sanders Estes Unit in Venus, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of the Case:  On May 3, 2010, Petitioner filed a petition for writ of habeas corpus purportedly under 28 U.S.C. § 2241 challenging the manner in which his sentence from Terry County, Texas, was being executed. Since Petitioner indirectly sought relief from events stemming from the revocation of his parole, the magistrate judge filed a deficiency order on May

11, 2010, directing him to pay the $5 filing fee or submit a motion for leave to proceed *in forma pauperis*, and to file his application on the form petition for seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  On May 20, 2010, Petitioner filed a motion seeking to disqualify the magistrate judge, and lodging objections to having to file his petition on the § 2254 habeas form.  The District Court denied the motion on May 24, 2010, cautioning Petitioner that his case would be dismissed under Fed. R. Civ. P. 41(b) if he failed to comply with an order of the magistrate judge.  On June 3, 2010, Petitioner filed a notice of interlocutory appeal with the U.S. Court of Appeals for the Fifth Circuit.  *See* Cause No. 10-10585.  As of the date of this recommendation, Petitioner has not complied with the May 11, 2010 deficiency order.  Nor has he sought an extension of time to do so.

     Findings and Conclusions:  Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

     Petitioner has been given ample opportunity to comply with the deficiency order and submit his petition on the court-approved form for seeking relief under 28 U.S.C. § 2254.  He has failed or refused to do so.  Therefore, this action should be dismissed without prejudice for want of prosecution.  *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare*


*Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for want of prosecution.

Signed this 28th day of June, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

[1] At this juncture, it is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable to the petition in this case.